UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRAVIS BANKS,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-021 (RMC) |
| **ALBERTO GONZALES, Attorney General for the United States,** | ) ) ) ) | |
| Respondent. | ) ) ) | |

## ORDER

On January 5, 2007, Petitioner Travis Banks filed a pro se petition for a writ of habeas corpus,[1] which states in toto as follows:

> This is an appeal and stay of proceeding in Superior Court of the District of Columbia case No. #2006CF220318 of Judge Robert Rigsdy orders and actions of the following dates - and note petition has been under official oppression and intimidation so that he couldn't file an timely appeal [sic] — 9-15-06, 10-6-06, 10-23-06, 11-27-06, and 12-5-06.  Statement of fact to be attached in few days.

*See* Petition [Dkt. # 1].  Mr. Banks has not filed a statement of facts.

On February 2, 2007, Mr. Banks filed a motion to transfer this case to the Eastern District of Pennsylvania, alleging that the transfer is required because he is unable to pay the cost of mailing motions and documents from Pennsylvania to this Court.  Motion to Transfer [Dkt. # 3] at 1.  Mr. Banks also filed a habeas suit in the Eastern District of Pennsylvania, *Banks v. United States Attorney General*, No. 07-182 (E.D. Pa.), and asked that court to transfer this case.  The

---

[1] Mr. Banks paid the filing fee.

Eastern District of Pennsylvania denied his request, explaining that the request must be made to the court where the matter is pending. *Id.*, Order filed Jan. 24, 2007. The Eastern District of Pennsylvania also noted:

> [I]t is not clear that the petitioner is incarcerated or otherwise would be able to file a petition for a writ of habeas corpus. It is also not clear that there would be venue in this district over the complaint that the petitioner is making against various judges of the District of Columbia, members of the Capitol Police, and the Federal Bureau of Investigation.

*Id.*

Based on the Petition filed in this action, this Court cannot determine the nature of Petitioner's claim, whether this Court has jurisdiction, or where venue is appropriate. Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed the Petition in this matter, keeping in mind that pleadings filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with

the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). It is not clear what grounds Mr. Banks asserts for habeas relief, it is not clear whether this Court has jurisdiction,[2] and it is not clear where venue would be appropriate. Mr. Banks' Petition utterly fails to set forth a short and plain statement of the claim and the basis for the claim. The Petition is insufficiently clear to put Respondent on notice of the claims against him, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished). For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the Petition is *sua sponte* **DISMISSED** without prejudice; and it is

**FURTHER ORDERED** that Mr. Banks shall have until **March 12, 2007**, to file an amended petition that corrects the deficiencies addressed in this Order. If Petitioner fails to file an amended petition by that deadline, this action will be dismissed with prejudice and the case will be closed.

**SO ORDERED**.

Date: February 12, 2007                                /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge

---

[2] If habeas relief is available to Mr. Banks, he must seek that relief in the judicial district in which he is incarcerated. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).