# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRAVIS BANKS,                          :
          Petitioner,               :          **Civil Action No. 07-021 (RMC)**
                      :
                      :
      v.                                  :
                      :
ALBERTO GONZALES, Attorney             :
 General for the United States,        :
          Respondent.               :

## RESPONDENT'S MOTION TO DISMISS
## PETITIONER'S AMENDED PETITION FOR A
## WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

Respondent, by and through his attorney, the United States Attorney for the District of

Columbia, hereby respectfully files his Motion to Dismiss petitioner's <u>pro se</u> Amended Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition").  As explained

below, petitioner has failed to comply with the Court's February 8, 2007 Order directing him to

file an amended petition that complies with Federal Rule of Civil Procedure 8.   Therefore, the

Amended Petition, which does not state a comprehensible legal or factual basis for relief, should

be dismissed with prejudice.

## PROCEDURAL HISTORY

Petitioner was arrested on September 14, 2006 and subsequently charged by indictment

in D.C. Superior Court case number 2006-CF2-20318 with Carrying a Dangerous Weapon in

violation of D.C. Code § 22-4504(a) (2001 ed.).  On January 4, 2007, that felony charge was

dismissed on the United States' motion, and defendant was charged by information with the

misdemeanor offense of Unlawful Discharge of a Firearm, Firework, or Explosive at Supreme

Court Building and Grounds, in violation of 40 U.S.C. §§ 6134, 6137 (2002 ed.).  On January 18,

2007, after a bench trial, the Honorable Jeanette Clark found defendant guilty and sentenced him

to time served and required that he pay $50 in costs to the Victims of Violent Crime

Compensation Act.[1]

On or about January 5, 2007 (which was before his bench trial was held), petitioner filed

a pro se Petition for Writ of Habeas Corpus in this Court ("First Petition"). He alleged as

follows:

> This is an appeal and stay of proceeding in Superior Court of the District of
> Columbia case No. #2006CF2220318 of Judge Robert Rigsdy [sic] orders and
> actions of the following dates - and note petition has been under official
> oppression and intimidation so that he couldn't file an timely appeal [sic] - 9-15-
> 06, 10-6-06, 10-23-06, 11-27-06, and 12-5-06. Statement of fact to be attached in
> few days.

First Petition, at 1.

On February 8, 2007, the Court sua sponte dismissed the petition without prejudice

pursuant to Federal Rules of Civil Procedure 8 and 41(b), holding that the petition was

"insufficiently clear to put Respondent on notice of the claims against him, even under the liberal

'notice pleading' standards of the Federal Rules, as it fails to articulate a comprehensible legal or

factual basis for relief."[2] 2/8/07 Order at 3. The Court permitted petitioner until March 12, 2007

to file an amended petition that complied with Federal Rule of Civil Procedure 8 and warned him

that failure to file such a petition by that date would result in dismissal with prejudice of this

action. On March 8, 2007, petitioner filed the instant Amended Petition. On March 16, 2007,

the Court directed the United States to file a response thereto.

---

[1]    The case initially was assigned to the Honorable Robert Rigsby, who presided
over several status and motions hearings before the charge was reduced to a misdemeanor.

[2]    The Court's Order also noted that petitioner had not filed a statement of facts.

As explained below, petitioner's Amended Petition should be dismissed with prejudice because it "does not provide fair notice to the defendant[] of the claim against [him]." <u>Karim-Panahi v. U.S. Congress</u>, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004).

<u>**ARGUMENT**</u>

"Federal Rule of Civil Procedure 8 requires every complaint to include 'a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach averment of a pleading be simple, concise, and direct.'" <u>Id.</u> at 273 (quoting Fed. R. Civ. P. 8(a) and 8(e)(1)). While <u>pro se</u> pleadings are held to "a less stringent standard than formal pleadings drafted by lawyers," a <u>pro se</u> petitioner may not "ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a [petitioner] may or may not want to assert." <u>Jarrell v. Tisch</u>, 656 F. Supp. 237, 239 (D.D.C. 1987). Hence, the Court may dismiss with prejudice a <u>pro se</u> matter where the petition or complaint does not comply with Rule 8. <u>Iwachiw v. New York City Bd. of Elections</u>, 126 Fed. Appx. 27, 28-29 (2d Cir. 2005); <u>Karim-Panahi</u>, 105 Fed. Appx. at 274.

The Amended Petition is entitled "Extraordinary Circumstances," and the only relief expressly sought is an emergency evidentiary hearing. It is unclear from the petition why such a hearing is necessary just as it is unclear what claims would be raised and what evidence would be presented at the hearing.

The Amended Petition states in pertinent part:

Government officials are acting in an [sic] concerted criminal actions against the United States and Petitioner. By the following actions;

By unlawful constructive, penal and preventive custody, official stalking, harassment, oppression, false official documents and government interference (to have free access to the court and medical treatment)...

To invoke federal writ of habeas corpus, state convict [sic] need not be physically detained in jail or prison, it is only necessary to show that there are impediments significantly restraining his liberty to do ... 28 U.S.C. A. §§ 2241 and 2254 ... which will be clearly seen in Petitioner's Amended Petition.  Free men are entitled to be free from being stalked by the Government and to file legal documents to the Court without an "Ordered" [sic]  (Third Party) by the Government!!!

On 2-13-07 Petitioner hand submitted an motion for "Extraordinary Circumstances - Request for an Emergency Evidentiary Hearing," to the U.S.C.A. 3rd Cir. And part of the caption was incorrect which stated "U.S. Dist. Ct. Eastern Dist. of Pennsylvania"

The correct part of the caption stated "Banks v. Atty. Gen. U.S.A. C.A. No. # 07-1307 (E.D. Pa. Civ No. # 07-CIV-00182."  The Third Cir. Court of Appeal Clerk excepted [sic] this motion in the U.S.C.A. 3rd Cir. on 2-13-07.

On or about 2-22-07 the U.S.C.A. 3rd Cir. Officials transferred Petitioner's 2-13-07 motion that was time stamp to the U.S. Dist. Court for the Eastern Dist. of Pennsylvania.  Those officials at all times knew that Petitioner's motion was directed and the case Docket Number were for the U.S.C.A. 3rd Cir.

Exhibit Attached:
        ORDER 2-26-07

On 2-14-07 U.S.C.A. 3rd Cir. Administrative Asst. Kelly Berry excepted [sic] Petitioner's motion of 2-13-07.  But refuse to act on the "Extraordinary Circumstances - Request for an Emergency Evidentiary Hearing."

Exhibit Attached:
        ORDER 2-20-07

Petitioner have [sic] already served the Attorney General with petitions that have been time stamp [sic] on the following dates 1-11-07 and 2-13-07.

Amended Pet., 1-3 (emphasis and ellipses in original).

"Even read under the liberal 'notice pleading' standards of the Federal Rules of Civil Procedure and in the light most favorable to the [petitioner], the [Amended Petition] [does not] articulate either the required factual or legal bases for his requested relief."  Karim-Panahi, 105 Fed. Appx. at 274.  More specifically, the Amended Petition does not state with any clarity the

-4-

factual basis of petitioner's claims, or the legal basis of those claims, or the ultimate relief sought after the emergency evidentiary hearing is held.  Hence, although the Court has permitted petitioner to amend his petition to comply with Rule 8, he has failed to do so.  On this record, the Court may dismiss the Amended Petition with prejudice.  Iwachiw, 126 Fed. Appx. at 28-29 (upholding dismissal with prejudice of pro se amended complaint where, "even under the liberal construction applicable to pro se complaints, neither ... original complaint nor ... amended complaint contained information sufficient to provide a fair understanding of what the plaintiff is complaining about and ... whether there is a legal basis for recovery") (internal quotation marks and citation omitted; last ellipses in original); Karim-Panahi, 105 Fed. Appx. at 273 (where original complaint did not comply with Rule 8 and where Court permitted the petitioner to file an amended complaint but he did not do so, upholding sua sponte dismissal with prejudice of complaint); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (upholding dismissal with prejudice of third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (upholding dismissal with prejudice of amended complaint that "was equally prolix [in relation to the original complaint] and for the most part incomprehensible"); see also Ciralsky v. CIA, 355 F.3d 661, 670 (D.C. Cir. 2004) (noting that a complaint's lack of clarity and failure to give fair notice of the claims against the defendant may justify dismissal under Rule 8).

Moreover, to the extent that Respondent is able to comprehend the Amended Petition, it appears to constitute a complaint about the Third Circuit's treatment of, and denial of, a habeas action that petitioner filed there.  If this construction is correct, this Court would not have

jurisdiction to address petitioner's complaint.  See 28 U.S.C. §§ 1331, 1332.  This too counsels in favor of dismissal of the Amended Petition.[3]

## **CONCLUSION**

For the reasons stated, the Court should dismiss the Amended Petition.  Because petitioner has been given the opportunity to file an amended complaint that complies with Rule 8, but has failed to do so, we respectfully request that the dismissal be with prejudice.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

ROBERT D. OKUN
Assistant United States Attorney
D.C. Bar Number 457-078
Chief, Special Proceedings Division

_____/s/_____
MARGARET J. CHRISS
Assistant United States Attorney
D.C. Bar Number 452-403
555 4th Street, N.W.
Special Proceedings Division
Washington, D.C.  20530
(202) 307-0874

---

[3]     Finally, as the Court suggested (at 2) in its March 16, 2007 Order, because petitioner is no longer in custody in the underlying Superior Court case, the Amended Petition might be moot.  See Quassim v. Bush, 466 F.3d 1073, 1078 (D.C. Cir. 2006); see also In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief is moot as a result of [petitioner's] release from prison").  However, given the Amended Petition's lack of clarity, it is impossible to ascertain whether petitioner continues to suffer any improper adverse consequences from his conviction and hence whether the petition is now moot.

**CERTIFICATE OF SERVICE**[4]

I HEREBY CERTIFY that, this 22nd day of June 2007, I caused a copy of the foregoing Motion to Dismiss Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and proposed Order, to be served by first-class mail, postage prepaid, upon:

Mr. Travis Banks
6028 Landsdowne Ave.
Philadelphia, PA 19151

_____/s/_____
Assistant United States Attorney

---

[4]     On June 5, 2007, petitioner filed a Notice that he no longer has a mailing address. We nonetheless are sending this filing to his last known address. If this service copy is returned to us, and upon receipt of notice of petitioner's current address, we will re-submit this filing with an amended certificate of service. We further note that our Motion for Extension of Time to File Response to Petitioner's pro se Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 was returned with a U.S. Postal Service notation of "return to sender, attempted-not known, unable to forward." We will also re-submit this motion with an amended certificate of service upon receipt of notice of petitioner's current address.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TRAVIS BANKS,** | : | |
| **Petitioner,** | : | **Civil Action No. 07-021 (RMC)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALBERTO GONZALES, Attorney** | : | |
| **General for the United States,** | : | |
| **Respondent.** | : | |

**ORDER**

Upon consideration of Respondent's Motion to Dismiss Petitioner's Amended Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254, any opposition thereto, and for good cause

shown, it is hereby:

**ORDERED** that the Amended Petition and this matter be dismissed with prejudice.

**SO ORDERED**.

Date: _____                    _____
                                              ROSEMARY M. COLLYER
                                              United States District Judge


Copies to:

Margaret J. Chriss
Assistant United States Attorney

Mr. Travis Banks