# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRAVIS BANKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-21 (RMC)** |
| ) | |
| **ALBERTO GONZALES, United States** ) | |
| **Attorney General,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

On January 5, 2007, while he was in the custody of the District of Columbia at the District's Correctional Treatment Facility ("CTF"), Petitioner Travis Banks filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Banks failed to file a statement of facts, and thus the Court found that the Petition was insufficiently clear to put Respondent on notice of the claims against him. Pursuant to Federal Rule of Civil Procedure 8, the Court dismissed the Petition without prejudice, allowing Mr. Banks until March 12, 2007, to file an Amended Petition in compliance with Rule 8. Order filed Feb. 12, 2007 [Dkt. #4]. On March 8, 2007, Mr. Banks filed an Amended Petition. *See* Am. Pet. [Dkt. #5]. The Court ordered the government to respond to the Amended Petition, *see* Order filed Mar. 16, 2007 [Dkt. #6], and the government did so by filing a motion to dismiss on June 22, 2007 [Dkt. # 14]. The Court then ordered Petitioner to respond to the motion to dismiss no later than July 23, 2007. Order filed June 22, 2007 [Dkt. #15].[1]  No response

---

[1] Petitioner notified the Court on June 5, 2007 [Dkt. # 13] that he is currently homeless, and thus the Court has no mailing address for him.

has been filed.  As explained below, the Court will grant the government's motion.

## I.  FACTS

Petitioner was arrested on September 14, 2006, and charged by indictment in D.C. Superior Court in case number 2006 CF2 20318 with Carrying a Dangerous Weapon in violation of D.C. Code § 22-4504(a).  Def.'s Mot. to Dismiss at 1.  On January 4, 2007, on motion of the United States, the felony charge was dismissed and Petitioner was charged by information with the misdemeanor offense of Unlawful Discharge of a Firearm, Firework, or Explosive at Supreme Court Building and Grounds in violation of 40 U.S.C. §§ 6134 & 6137.  *Id*.  On January 18, 2007, after a bench trial the court found Mr. Banks guilty and sentenced him to time served.  *Id*. at 1-2.  The Superior Court also required that he pay $50 in costs to the Victims of Violent Crimes Compensation Act.  *Id*. at 2.

Petitioner alleges in his habeas petition that the government is stalking him and otherwise "oppressing" him:

> Government officials are in a concerted continual conspiracy to violate petitioner's constitutional rights and the laws of the United States by tagging Petitioner as an (sic) suspected terrorist, stalking, official oppression, intimidation, official kidnaping, assaults, witness intimidation, armed robbery, obstruction of administration of law-justice, denial of life saving drugs . . . and product tampering of petitioner's food with toxins . . . .

Am. Pet., "Issues & Circumstances" at 1.  Petitioner does not allege that he remains in custody or that his liberty is otherwise restrained.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. But the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

## III. ANALYSIS

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b);

*Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).  Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' "  *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  Although pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants still must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Even under liberal notice pleading standards, a complaint may be dismissed if it does not articulate a factual or legal basis for relief.  *Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished); *accord McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (upholding dismissal of third amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *see also Ciralsky*, 355 F.3d at 669 (complaint's lack of clarity and fair notice may justify dismissal under Fed. R. Civ. P. 8).

The Amended Petition, in garbled fashion, alleges that Petitioner believes he is being stalked, poisoned, and oppressed by the government.  It does not articulate a comprehensible legal or factual basis for relief, and thus it must be dismissed.  *See Karim-Panahi*, 105 Fed. Appx. at 274.

In addition, the Amended Petition fails to state a habeas claim because Petitioner has not shown or even alleged that he is "in custody."  A petition for habeas relief may be filed where a petitioner is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  To meet the "in custody" requirement, a petitioner must have been in custody at the time the habeas petition was filed.  *Neville v. Cavenaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  The custody requirement may be met where a petitioner is not imprisoned, so long as there were "significant restrictions" placed on the petitioner's

-4-

liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973).  For example, a petitioner who is on parole, probation, supervised release, or released on bail is deemed to be "in custody" for habeas purposes.  *See e.g.*, *Preiser v. Rodriquez*, 411 U.S. 475, 486 n.7 (1973) (release on bail or own recognizance); *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (supervised release); *Hart v. Indiana*, 732 F.2d 95, 96 (7th Cir. 1984) (parole, probation, bail).  Further, "for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moo." *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006).

Although Mr. Banks was in custody at the time he filed his original petition, he is no longer incarcerated.  "[G]iven the Amended Petition's lack of clarity, it is impossible to ascertain whether petitioner continues to suffer any improper adverse consequences from his conviction and hence whether the petition is now moot."  Def.'s Mot. to Dismiss at 6 n.3.  The burden is on Mr. Banks to demonstrate that his habeas petition is not moot — that he continues to suffer significant restraints on his liberty.  *See Qassim*, 466 F.3d at 1078.  Mr. Banks has not met this burden, as his petition does not allege that he is currently subject to any restraints on his liberty and does not allege government actions that are redressable under habeas. Since Mr. Banks is not "in custody," he cannot seek habeas relief.   His release from jail rendered his habeas petition moot.[2]

## IV.  CONCLUSION

For the reasons explained above, the Court will grant Defendant's motion to dismiss

---

[2] In the event that Mr. Banks intends to allege a habeas claim based on some restraint on his liberty imposed in Philadelphia — the place of his residence — jurisdiction would properly lie in federal district court there. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (a habeas petitioner must seek relief in the judicial district in which he is or was incarcerated).

[Dkt. #14], and will deny all other pending motions as moot.  A memorializing order accompanies this Memorandum Opinion.


Date: July 31, 2007                                    _____/s/_____
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge