UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRAVIS BANKS,                      ) <br> ) <br> Petitioner,         ) <br> ) <br> v.                                 ) <br> ) <br> ALBERTO GONZALES, United States ) <br> Attorney General,                  ) <br> ) <br> Respondent.         ) <br> ) | Civil Action No. 07-21 (RMC) |

# ORDER

On January 5, 2007, while he was in the custody of the District of Columbia at the District's Correctional Treatment Facility ("CTF"), Petitioner Travis Banks filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 8, 2007, Mr. Banks filed an Amended Petition in which he alleged that he is being stalked, poisoned, and oppressed by the government. *See* Am. Pet. [Dkt. #5]. The Court ordered the government to respond to the Amended Petition, and the government did so by filing a motion to dismiss on June 22, 2007. The Court then ordered Petitioner to respond to the motion to dismiss no later than July 23, 2007. Order filed June 22, 2007 [Dkt. #15].[1]     No response was filed, and on July 31, 2007, the Court issued a Memorandum Opinion and Order granting Defendant's motion to dismiss. *See* Mem. Op. [Dkt. #16] & Order [Dkt.#17].

Subsequently, Defendant filed a Notice indicating that it had received a response from

---

[1] Petitioner notified the Court on June 5, 2007 [Dkt. # 13] that he is currently homeless, and thus the Court has no mailing address for him.

Petitioner in the form of a document entitled "Motion to Deny Respondent's Motion to Deny Petitioner's Amendment Complaint" ("Petitioner's Motion"). Defendant attached and filed Petitioner's Motion as an exhibit to Defendant's Notice. *See* Def.'s Notice [Dkt. #18] & Ex. A. After reviewing the Petitioner's Motion, the Court reaffirms its July 31, 2007, Memorandum Opinion granting Defendant's motion to dismiss.

In the July 31, 2007 Opinion, the Court dismissed the Amended Petition because it did not articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished) (even under liberal notice pleading standards, a complaint may be dismissed if it does not articulate a factual or legal basis for relief). The Court also dismissed the Amended Petition because Petitioner is no longer in custody, he did not allege that there are significant restraints on his liberty, and he failed to demonstrate that his Petition is not moot due to his release from custody. *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) ("for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot"). Petitioner's Motion does not require the Court to amend its holding, as it merely repeats Petitioner's claim that he is "under Official Oppression." Accordingly, the July 31, 2007 Memorandum Opinion is adopted and reaffirmed. It is hereby

**ORDERED** that the July 31, 2007 Order is **VACATED**[2]; and it is

**FURTHER ORDERED** that the July 31, 2007 Memorandum Opinion is **ADOPTED**

---

[2] In order to provide Petitioner the maximum time to appeal, the Court vacates the July 31, 2007 Order and replaces it with this one.

and **REAFFIRMED**; and it is

FURTHER ORDERED that Defendant's motion to dismiss [Dkt. # 14] is **GRANTED**; and it is

FURTHER ORDERED that all other pending motions are denied as moot; and it is

FURTHER ORDERED that this case is **DISMISSED and CLOSED**. This is a final appealable order. See Fed. R. App. P. 4(a).


Date: August 3, 2007                                   /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge